108 F.3d 338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Honorio MALLARI, Plaintiff-Appellant,
v.
HOME DEPOT U.S.A., INC., Defendant-Appellee.
 No. 96-15689.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 10, 1997.
Decided Feb. 13, 1997.
 
 Before: GOODWIN, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Honorio Mallari ("Mallari") appeals from a summary judgment in favor of his employer Home Depot U.S.A., Inc. ("Home Depot"). Mallari sought indemnity under California Labor Code § 2802 (" § 2802") for expenses incurred while defending himself against a sexual harassment action filed by a coworker.
 
 Section 2802 provides:
 
 3
 An employer shall indemnify his employee for all that the employee necessarily expends or loses in direct consequence of the discharge of his duties as such, or of his obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying such directions, believed them to be unlawful.
 
 
 4
 Mallari argues that the issue of whether his alleged actions were in the course and scope of his employment or in the discharge of his duties presents a triable issue of fact. We reject this argument.
 
 
 5
 Although "scope of employment" is ordinarily a question of fact, it becomes a question of law where the undisputed facts would not support an inference that the employee was acting within the scope of his employment. See Farmers Ins. Group v. Santa Clara County, 906 P.2d 440, 458 (Cal.1995); Devereaux v. Latham & Watkins, 38 Cal.Rptr.2d 849, 856 (Cal.App.1995).
 
 
 6
 Mallari argues that in this case, unlike the Farmers case, the facts are in dispute as to whether his actions in the workplace constituted sexual harassment. However, the issue before the court is whether Home Depot is required under state law to indemnify Mallari, not whether his coworker's claims have any merit. The inquiry is whether Mallari's losses in defending himself against allegations of harassment were "in direct consequence of the discharge of his duties." See § 2802. Home Depot has a policy expressly prohibiting sexual harassment. Mallari has presented no evidence which would support an inference that the performance of his duties at Home Depot would give rise to a coworker's allegations of sexual harassment.
 
 
 7
 Mallari argues that because he was expected to cooperate with all employees to develop a "whole store" attitude, this daily interaction formed the basis of his coworker's lawsuit, therefore, his conduct was in direct consequence of the discharge of his duties. He argues that one purpose of § 2802 is to put the risk of job-related losses on the employer, and not on an innocent employee who has no control over the persons hired or the working conditions. We reject this argument because it is unsupported by the language of § 2802, its legislative history, or any California law.
 
 
 8
 Mallari also argues that because Home Depot agreed to defend its supervisors, but not Mallari, in the coworker's sexual harassment action, this created a triable issue of fact as to whether Mallari's conduct was likewise in the scope of his employment. We reject this argument. Under California law, an employer is strictly liable for the harassing actions of its supervisors or agents, but an employer is liable for harassment by a coworker only if the employer knew or should have known of the conduct and failed to take immediate corrective action. See California Gov't. Code § 12940(h)(1); Doe v. Capital Cities, 58 Cal.Rptr.2d 122, 127 (Cal.App.1996). Accordingly, a company can legitimately have a policy of defending its supervisors, but not hourly employees, in a sexual harassment action.
 
 
 9
 Because we hold that Home Depot has no indemnity obligation to Mallari under § 2802, Mallari's remaining claims also fail. See Devereaux, 38 Cal.Rptr.2d at 856.
 
 
 10
 The district court's order granting summary judgment in favor of Home Depot is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3