Filed 4/22/25  Soofi v. Rabinovitch-Mantel CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| RASHEED SOOFI,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>BONNIE A. RABINOVITCH-MANTEL et al.,<br><br>Defendants and Respondents. | D084127<br><br><br>(Super. Ct. No. 37-2022-00021936-CU-BC-CTL) |

APPEAL from an order and judgment of the Superior Court of San Diego County, Kenneth J. Medel and Robert C. Longstreth, Judges. Dismissed in part and affirmed in part.  Appellant's request for judicial notice is granted in part and denied in part.

Rasheed Soofi, in pro. per., for Plaintiff and Appellant.

Wingert Grebing Brubaker & Walshok, Charles R. Grebing and Mallory H. Chase for Defendants and Respondents.

Rasheed Soofi appeals the dismissal of his complaint following the trial court's vexatious litigant order under Code of Civil Procedure section 391, subdivision (b)(1) and Soofi's failure to post the $500,000 security ordered. Soofi also appeals the prefiling order issued under section 391.7.

We reach the merits of the dismissal based on the security order but not the prefiling order. Soofi waited too long to appeal the prefiling order, which was immediately appealable as an injunction, so we dismiss that portion of the appeal as untimely. The remainder of his appeal is timely as to the two individual respondents. Although it is premature as to the remaining respondent because of its pending cross-complaint, we exercise our discretion to treat the appeal as to that party as a writ of mandate petition.

Soofi has not proven reversible error. The court correctly deemed Soofi a vexatious litigant, as Soofi has suffered an adverse final determination in at least five separate litigations in which he represented himself over the required period. The security order was warranted because Soofi had no reasonable possibility of prevailing in the underlying litigation. As for the amount of security, Soofi forfeited most of his arguments and failed to establish insufficient evidence supported it. We therefore affirm.

I.

Soofi—representing himself—sued Respondents Bonnie A. Rabinovitch-Mantel and Tiffany K. Brown in their individual capacities and Primus Family Law Group, APC, asserting claims related to their representation of him in divorce proceedings. Primus filed a cross-complaint against Soofi in the same action.

Respondents filed a vexatious litigant motion. The court granted the motion, determined Soofi to be a vexatious litigant, and ordered him to post security of $500,000 within 10 days. In the same minute order, the court entered a prefiling order requiring Soofi to obtain permission before filing any new self-represented litigation.

Respondents served Soofi with notice of entry of this order on January 18, 2024.

2

Sixty-four days later, Soofi filed a notice of appeal. He did so the same day the court dismissed his complaint, apparently in response to Respondents' motion to dismiss for failure to furnish the required security. In the dismissal order, the court noted Primus' cross-complaint "survives."

## II.

We first outline the relevant vexatious litigant statutes before defining the scope of the appeal and turning to the merits.

### A.

The vexatious litigant statutes aim to "curb misuse of the court system" by individuals who—by bringing repeated, unsuccessful litigations while self-represented—"waste the time and resources of the court system and other litigants." (*Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1169; Code Civ. Proc., §§ 391-391.7.)

The statutes provide "two distinct and complementary sets of remedies." (*Shalant*, 51 Cal.4th at p. 1171.) First, in *pending* litigation, the court may order a vexatious litigant to furnish security if there is no reasonable probability the plaintiff will prevail in the case. (§ 391.3.) The court "shall" dismiss the relevant litigation if the plaintiff does not comply with the security order. (§ 391.4.) Second, the court may issue a prefiling order requiring a vexatious litigant to obtain permission before filing any *future* self-represented litigation. (§ 391.7(a).)

Differences between these two remedies affect the scope of this appeal.

### B.

We directed Soofi to address appealability because the "existence of an appealable judgment [or order] is a jurisdictional prerequisite to an appeal." (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.) The right to appeal is "entirely statutory." (*Meinhardt v. City of Sunnyvale* (2024) 16 Cal.5th 643,

3

651 [cleaned up].) We "are not at liberty to modify" the standards for appealability, as we "must remain true" to the governing statutes. (*Id.* at p. 652 [cleaned up].)

Without providing any meaningful analysis, Soofi claims his appeal is "authorized" by (1) section 904.1 and (2) this court when we permitted his appeal to proceed. Respondents argue Soofi's appeal of the prefiling order is untimely. At oral argument and in supplemental briefing, Primus asked us to exercise our discretion to treat Soofi's appeal of the security order as to it as a petition for writ of mandate to be determined alongside the appeal as to the remaining respondents.

"A single order or judgment can be in part appealable and in part nonappealable." (*Six4Three, LLC v. Facebook, Inc.* (2020) 49 Cal.App.5th 109, 113.) We conclude (1) the appeal of the prefiling order is untimely and (2) while the dismissal of Soofi's complaint based on his failure to furnish security is not yet appealable as to Primus due to Primus' pending cross-complaint, in our discretion we treat it as a writ to be considered with the timely appeal as to the individual respondents.

1.

The prefiling order under section 391.7 was immediately appealable, and Soofi waited too long to appeal it.

An order granting an injunction is immediately appealable. (§ 904.1(a)(6).) A prefiling order is an injunction, as it requires a party "to refrain from doing a particular act—filing any new litigation without certain permission." (*Luckett v. Panos* (2008) 161 Cal.App.4th 77, 85.)

As a result, to appeal the prefiling order, Soofi had to initiate his appeal within 60 days of being served with the notice of entry of the order.

4

(Cal. Rules of Court, rule 8.104(a)(1).)  But as Respondents note, Soofi acted four days too late.

None of Soofi's three reasons for not acting within the required timeframe excuses his untimeliness.

The first two reasons—a health emergency and the "need[ ] to know" if the court would hear his motion for reconsideration—are forfeited as underdeveloped because Soofi provides no support from the record or caselaw. (*In re Champion* (2014) 58 Cal.4th 965, 986.)  In any event, although a valid motion to reconsider can extend the time to appeal, to be valid it must comply with all procedural requirements, like the 10-day deadline to file after notice of entry of the at-issue order.  (Cal. Rules of Court, rule 8.108(e) and Advisory Committee Notes to rule 8.108.)  Because Soofi filed his motion for reconsideration 35 days after the notice of entry, it was not valid and thus it did not enlarge his time to appeal.

Soofi's third reason rests on a misunderstanding of our order permitting the appeal to proceed.  In granting Soofi permission to appeal, we did not decide appealability.

The prefiling order "had to be timely appealed or the right to challenge its particulars [are] forever lost." (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 761, fn. 8.)  By filing his notice of appeal beyond the time permitted, Soofi lost his right to challenge the prefiling order.

2.

Soofi's appeal from the dismissal of his complaint based on his failure to furnish security, however, is timely as to the two individual respondents, Rabinovitch-Mantel and Brown.  Although it is premature as to Primus given its pending cross-complaint, we grant Primus' request to treat it as a petition

for a writ of mandate and to consider it together with the appeal as to the other respondents.

"An order determining a party to be a vexatious litigant and requiring the posting of security under section 391.3 is not directly appealable." (*Golin v. Allenby* (2010) 190 Cal.App.4th 616, 635.) Instead, it may be challenged on appeal following final judgment, which may occur when the court enters dismissal if the plaintiff fails to furnish security. (*Ibid.*)

When the court dismissed Soofi's complaint, it ended the controversy between him and the two individual respondents. As a result, the judgment is final and appealable as to those parties. But the court specifically stated Primus' cross-complaint "survives." The pending cross-complaint means "even though the complaint has been fully adjudicated, there is no final judgment" as between Soofi and Primus. (*American Alternative Energy Partners II v. Windridge, Inc.* (1996) 42 Cal.App.4th 551, 557.) The appeal thus is premature as to Primus.

Because we must resolve the appeal as to the two individual respondents now, however, "the interests of judicial economy will be better served by resolving the issues as to all parties at this time." (*G. E. Hetrick & Associates, Inc. v. Summit Construction & Maintenance Co.* (1992) 11 Cal.App.4th 318, 325.) The remaining issue raised by Soofi's appeal— whether the court erred by finding him a vexatious litigant with no reasonable probability of prevailing such that dismissal was proper after Soofi failed to post the ordered security—requires us the review the same record and perform the same legal analysis as to each respondent. We thus grant Primus' request, exercise our discretion to treat this appeal as a petition for writ of mandate as to it, and turn to the merits. (*G. E. Hetrick*, at p. 325.)

6

C.

The court dismissed Soofi's complaint after he failed to furnish the required security.  On appeal, Soofi challenges each component of the security order: (1) the vexatious litigant finding, (2) the finding of no reasonable probability he would prevail, and (3) the amount of security ordered.  (§ 391.3.)  We address each point in turn and, for the reasons discussed below, affirm.

1.

Respondents argue Soofi forfeited his claims of error by failing to (1) properly identify and support his arguments, (2) analyze the challenged rulings based on the applicable standard of review, and (3) address evidence favorable to the court's findings.  Soofi responds that his briefing contains "all the required tables for content, citations[,] and headlines."  He also claims he "did not need" to discuss evidence unfavorable to his position because it "had already been sufficiently pointed out by [the] trial court" in its order.

Soofi represents himself, and we are mindful that the technical requirements of the appellate process may be difficult for those without legal training to navigate.  A self-represented party, however, "is to be treated like any other party and is entitled to the same, but no greater, consideration than other litigants having attorneys."  (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574.)  Although Soofi feels self-represented litigants are "often disadvantaged," we must hold all parties to the same requirements.

We note later in this opinion where Soofi has forfeited certain arguments, but we otherwise exercise our discretion to consider his appeal. While we have considered all adequately developed arguments needed to resolve this appeal that Soofi separately identified under an appropriate heading in his opening brief, to the extent he has asserted additional

7

arguments we have not addressed, they are forfeited.  (See *People ex rel. Reisig v. Acuna* (2017) 9 Cal.App.5th 1, 25; Cal. Rules of Court, rule 8.204(a)(1)(B).)

2.

To start, Soofi challenges his designation as a vexatious litigant.  As best as we can discern, Soofi argues (1) the court "fail[ed] to meet the legislative intent" because it did not find his past litigations "unmeritorious," "vexatious," or frivolous; and (2) there were not five cases "finally determined adverse" against him.  We conclude the court correctly found Soofi a vexatious litigant.

A vexatious litigant under section 391(b)(1) is someone who, in the last seven years, "has commenced, prosecuted, or maintained" at least five self-represented litigations other than in a small claims court that were "finally determined adversely to the person."  The seven-year period is calculated based on the filing date of the vexatious litigant motion.  (*Garcia v. Lacey* (2014) 231 Cal.App.4th 402, 406, fn. 4.)  Soofi does not contest (1) he represented himself in the litigations identified by the trial court or (2) the litigations fell within the required timeframe.  We thus focus on the remaining criteria.

We review questions of statutory interpretation de novo.  (*Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 219.)  To determine legislative intent, we look first to the words of the statute, giving them "their usual and ordinary meaning.  When the statutory language is clear, we need go no further." (*Moran v. Murtaugh Miller Meyer & Nelson, LLP* (2007) 40 Cal.4th 780, 783.)

But as Soofi acknowledges, a court exercises its discretion in deciding if someone is a vexatious litigant.  Consequently, we will uphold a vexatious litigant finding if it is supported by substantial evidence.  (*Bravo*,

8

99 Cal.App.4th at p. 219.) "On appeal, we presume the order declaring a litigant vexatious is correct and imply findings necessary to support the judgment." (*Ibid.*)

a.

First, despite conceding section 391(b)(1) "is silent on [the] need of finding elements of vexatiousness," Soofi claims "it was expected of [the] trial court to note if there were any element of 'unmeritorious' or 'repeatedly'" based on section 391(b)(3) or some "element of vexatious[ness] or frivolousness" based on federal law. We disagree.

Neither the requirements for a vexatious litigant under section 391(b)(3) nor under federal law apply here, as the court found Soofi vexatious under section 391(b)(1).

The plain language of section 391(b)(1)(i) "requires only that five qualifying litigations were finally determined adversely to [the litigant] within a specific time period." (*Karnazes v. The Lauriedale Homeowners Assn.* (2023) 96 Cal.App.5th 275, 281-282.) "The fact that the statute does not include a requirement that the five *losing* suits be frivolous does not render it unconstitutional." (*Wolfgram v. Wells Fargo Bank* (1997) 53 Cal.App.4th 43, 58.) Thus, Soofi has not established the court erred in not assessing the nature of his past litigations.

b.

Second, Soofi contends fewer than five litigations were finally determined adversely to him. Again, we disagree.

For our purposes, "litigation" is broadly defined to cover "any civil action or proceeding, commenced, maintained[,] or pending in any state or federal court." (§ 391(a).) The term "includes an appeal or civil writ proceeding filed in an appellate court." (*Garcia*, 231 Cal.App.4th at p. 406.)

9

The trial court identified eight litigations in which Soofi represented himself within the requisite period:

1. *Soofi v. Contreras Law Firm* (37-2018-00040211)—Court granted motion for terminating sanctions and dismissed the entire action with prejudice;

2. *Soofi v. Contreras Law Firm* (D076884)—Appeal affirmed terminating sanctions issued in No. 1;

3. *Soofi v. Dunne* (37-2019-00001874)—Determined adversely to Soofi as to seven defendants, but default judgment entered in Soofi's favor against two defendants;

4. *Soofi v. Smith* (D076082)—Appeal affirmed order granted in favor of some defendants and against Soofi in No. 3;

5. *Soofi v. Javidan* (37-2019-00012673)—Soofi dismissed his complaint without prejudice;

6. *Soofi v. Khavari* (D077224)—Appeal Soofi initiated and later abandoned;

7. *Soofi v. Adli Law Group* (BC691656)—Soofi dismissed his cross-complaint with prejudice; and

8. *Soofi v. Adli Law Group* (B293233)—Soofi dismissed his appeal, which the appellate court noted "appear[ed] to have been taken from nonappealable orders."

The court found all eight litigations "were adversely determined against" Soofi. It relied on Nos. 1, 2, 4, 5, and 6 above to satisfy the five litigations requirement. (§ 391(b)(1)(i).) Soofi rarely refers to the individual litigations by name in his appellate briefing, which makes it hard to follow his arguments. As far as we can tell, however, he does not contest No. 6 was finally determined adverse to him. We conclude, among the remaining seven matters, at least four more were finally determined adversely to Soofi under the vexatious litigant statute. With No. 6, the five litigations that qualify Soofi as a vexatious litigant are Nos. 2, 4, 5, 6, and 7. That we rely on a different combination of litigations than the trial court matters not, as "[w]e are required to uphold the ruling if it is correct on any basis, regardless of

10

whether such basis was actually invoked." (*In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32.)

Without any supporting caselaw, Soofi questions when a litigation is finally determined and argues it is only after appellate review. "A particular litigation is finally determined when avenues for direct review (appeal) have been exhausted or the time for appeal has expired." (*Garcia*, 231 Cal.App.4th at p. 407, fn. 5.) Thus, if no appeal was taken and the time to do so has passed, a trial court judgment is a final determination.

Soofi maintains the litigations he voluntarily dismissed—Nos. 5 and 7—cannot be counted as adverse rulings against him. But a litigation is "finally determined adversely" to a party that "does not win the action or proceeding" the party began, "including cases [the party] voluntarily dismissed." (*Garcia*, 231 Cal.App.4th at p. 406.) A voluntarily dismissed action "is nevertheless a burden on the target of the litigation and the judicial system, albeit less of a burden than if the matter had proceeded to trial." (*Tokerud v. Capitolbank Sacramento* (1995) 38 Cal.App.4th 775, 779.) "The difference [in vexatiousness] is one of degree, not kind." (*Ibid.*)

Soofi also asserts he dismissed his cross-complaint in No. 7 as part of a settlement, and claims that detail holds significance based on dicta in *Tokerud* observing "where the dismissal is part of a negotiated settlement, . . . the dismissal [will] not be deemed a termination favorable to the defendant." (*Tokerud,* 38 Cal.App.4th at pp. 779-780.) Soofi, however, cites no evidence of such settlement, so we may treat his dismissed cross-complaint as adverse. (See *Blizzard Energy, Inc. v. Schaefers* (2022) 85 Cal.App.5th 802, 804 [cross-complaint is "litigation" for vexatious litigant purposes].)

11

\*　　\*　　\*

In sum, the court properly found Soofi a vexatious litigant under section 391(b)(1)(i), as Soofi maintained five self-represented litigations that were finally determined adversely to him within the relevant period.

3.

Next, Soofi contends the court erred in finding he had no reasonable probability of prevailing. He has not established reversible error.

Before a court may order a vexatious litigant to furnish security as a condition of prosecuting a pending lawsuit, it must determine, after hearing the evidence, "there is no reasonable probability that the plaintiff will prevail in the litigation against the moving defendant[s]." (§ 391.3(a).) The court may weigh the evidence and does not have to credit the plaintiff's facts. (*Moran*, 40 Cal.4th at pp. 782 & 785, fn. 7 [disapproving portion of *Devereaux v. Latham & Watkins* (1995) 32 Cal.App.4th 1571, 1583, directing courts to assess likelihood of prevailing "even if all the plaintiff's facts are credited"].) "[L]ack of merit may also be shown by demonstrating that the plaintiff cannot prevail in the action as a matter of law." (*Golin*, 190 Cal.App.4th at p. 642.)

We review the conclusion a vexatious litigant had no reasonable probability of prevailing for substantial evidence—not de novo, as Soofi requests. (*Garcia*, 231 Cal.App.4th at p. 408.)

In his operative complaint, Soofi asserted causes of action for breach of fiduciary duty; professional negligence; false promise, misrepresentation, and concealment; billing fraud; breach of the implied covenant of good faith and fair dealing; defamation; and invasion of privacy. Although Soofi "endeavors to point out the errors, misplacement, wrong legal conclusions, omission of material facts, snippet of phrases out of context[,] and many other

12

irregularities in" the court's order from start to finish, we focus on whether substantial evidence supported the court's conclusions on those causes of action.

By failing to adequately address all evidence favorable to the trial court's ruling on his chance of success in this case—instead claiming he "did not need to"—Soofi forfeited this claim of error. (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881.)

At any rate, his claims do not succeed on the merits either. Despite Soofi's contrary claim, the court "fully considered the arguments of all parties, both written and oral, as well as the evidence presented." That the court credited Respondents' evidence and reached conclusions unfavorable to Soofi does not render its review inadequate.

The defamation, invasion of privacy, and fraud-based causes of action (false promise, misrepresentation, concealment, and billing fraud) accrued more than three and one-half years before Soofi initiated this lawsuit, so they are barred by the applicable statutes of limitation. (*Shively v. Bozanich* (2003) 31 Cal.4th 1230, 1246-1247 [defamation – one year]; *Ion Equipment Corp. v. Nelson* (1980) 110 Cal.App.3d 868, 880 [invasion of privacy – one year]; § 338(d) [fraud-based claims – three years].) Soofi disputes the time-barred finding only as to the fraud-based causes of action, claiming—without support—the trial court "accepted [his] discovery rule reliance." But it did not. Instead, the court found Soofi failed to "include factual allegations of inability to have made earlier discovery despite reasonable diligence."

As for breach of the implied covenant of good faith and fair dealing, Soofi's allegations are either unrelated or contrary to express terms of the parties' fee agreement. Yet this type of claim depends on the agreement's

13

terms and cannot "be read to prohibit a party from doing that which is expressly permitted by an agreement." (*Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.* (1992) 2 Cal.4th 342, 374.)

Although Soofi claims otherwise, the court addressed the remaining two claims—breach of fiduciary duty and professional negligence—under one heading for claims sounding in legal malpractice. Such claims require the plaintiff to "establish that *but for* the alleged negligence of the defendant attorney, the plaintiff would have obtained a more favorable judgment or settlement in the [underlying] action." (*Viner v. Sweet* (2003) 30 Cal.4th 1232, 1241.) Here, the court found no evidence Soofi "would have obtained any better result but-for" his attorney's challenged conduct. Sufficient substantial evidence—Soofi's own discovery responses and an attorney declaration—supports this finding.

As a result, Soofi has not shown the court erred in finding he had no reasonable probability of prevailing against Respondents. The court thus did not err in ordering Soofi to furnish security or dismissing the complaint following Soofi's noncompliance. (§ 391.4.)

4.

Lastly, Soofi challenges the amount the court ordered as security. Although the $500,000 security ordered is a large sum, it is supported by substantial evidence.

When a court determines a plaintiff is a vexatious litigant and has no reasonable probability of prevailing, the court "shall order . . . security in such amount and within such time as the court shall fix." (§ 391.3(a).) Security is "an undertaking to assure payment . . . of the [moving] party's reasonable expenses, including attorney[ ] fees and not limited to taxable costs, incurred in or in connection with" the vexatious litigation. (§ 391(c).)

14

That security is not limited to *recoverable* attorney fees or *taxable* costs reflects the legislative intent for section 391(c) "to be construed expansively." (*Singh v. Lipworth* (2005) 132 Cal.App.4th 40, 45.)  The court need not consider a vexatious litigant's means in determining the amount of security. (*Devereaux,* 32 Cal.App.4th at p. 1588.)  As the statute gives the court considerable discretion to fix the amount of security, we review it for substantial evidence.  (*Ibid.*)

Soofi forfeited most of his arguments concerning the amount of security by not asserting them below.  "Generally, points not urged in the trial court cannot be raised on appeal."  (*Tahoe National Bank v. Phillips* (1971) 4 Cal.3d 11, 23, fn. 17.)  Instead, in his opposition to Respondents' motion, Soofi declared his argument on this topic "hereby is postponed" to "a different hearing."  On appeal, Soofi contends the court should have "offer[ed]" him "an opportunity to be heard" but Soofi had one and declined to take it.  He offers no authority permitting him to unilaterally postpone his opposition without leave of court.  Similarly forfeited is his claim the judicial officer "audibly admitted that the amount of security was too much and that he might adjust it," as Soofi provides no record support for it.  (*In re Champion*, 58 Cal.4th at p. 986.)

To the extent any of Soofi's arguments can be construed as a challenge to the sufficiency of the evidence for the security ordered, it may be raised for the first time on appeal.  (*Tahoe National Bank*, 4 Cal.3d at p. 23, fn. 17.)  But that claim fares no better.  Here, the court noted Respondents presented evidence "illustrating the basis for the requested security of $500,000."  That evidence includes an attorney declaration explaining the work (1) already done in the case totaling "more than $130,000" in attorney fees and costs and

15

(2) required to defend the case through trial, which would cost an anticipated $370,000 more. This substantial evidence suffices.

Soofi requests judicial notice of three documents he contends relate to the amount of security. We grant his request as to the first exhibit, which is the notice of entry of the judgment dismissing Soofi's complaint. We deny the remainder of his request. The appellate record already includes the second exhibit, thus obviating the need for judicial notice. The third exhibit—an attorney declaration in support of Respondents' motion for attorney fees and costs made eight months after the declaration in support of the security order—is not relevant to evaluating the amount of security ordered. (See *People v. Stoll* (1989) 49 Cal.3d 1136, 1144, fn. 5.)

Because substantial evidence supports the amount of security ordered, Soofi has not established reversible error.

### D.

In closing, Soofi seeks de novo review, as he believes "he did not get a fair hearing." (Bolding and underscoring omitted.) He bases this claim on the alleged "abundance of fallacies" in the court's vexatious litigant order, "most importantly" the trial court's purported "unjustified widespread adoption of" Respondents' arguments and evidence. But the fact Soofi disagrees with the conclusions and inferences the trial court drew from the evidence, and its decision to credit evidence Respondents presented, does not render the hearing unfair. As Soofi has not demonstrated an unfair hearing, we have applied the standards of review identified above.

III.

We dismiss the appeal as to the prefiling order and otherwise affirm. Respondents are entitled to recover their appellate costs. (Cal. Rules of Court, rule 8.278(a)(1).)

CASTILLO, J.

WE CONCUR:

DATO, Acting P. J.

DO, J.