[No. B069085. Second Dist., Div. Five. Sept. 2, 1992.]

ALBERT ANDRISANI, Plaintiff and Appellant, v.
LAWRENCE HOODACK et al., Defendants and Respondents.

## COUNSEL

Albert Andrisani, in pro. per., for Plaintiff and Appellant.

Lawrence Hoodack, in pro. per., for Defendant and Respondent.

## OPINION

**TURNER, P. J.—** ■ Plaintiff, Albert Andrisani, has filed an application for a waiver of court costs and fees. In response to that request, this court, acting under the direction of the acting administrative presiding justice,[1] issued an order requesting the parties to file memoranda addressing the question of whether this court should act pursuant to Code of Civil Procedure section 391.7[2] and issue a prefiling order which would prohibit the

---

[1]The Administrative Presiding Justice, the Honorable Mildred Lillie, the Presiding Justice of Division Seven of the Court of Appeal for the Second Appellate District, has disqualified herself from all matters involving plaintiff. She has done so because plaintiff, acting in propria persona, has filed a lawsuit against her. (Andrisani v. State of California (C.D. Cal. 1991) [Dock. No. Civ. 91-1445-RG (Bx)].) Accordingly, because this case had not yet been assigned to a division, the acting administrative presiding justice was responsible for reviewing the requested fee waiver application and issuing other orders concerning plaintiff. (Cal. Rules of Court, rules 75, 76(2).)

[2]All future statutory references are to the Code of Civil Procedure.

filing of new litigation by plaintiff.[3] Plaintiff has been found to be a vexatious litigant within the meaning of section 391, subdivision (b) on two occasions in published Court of Appeal opinions. (*Andrisani* vs. *Saugus Colony Limited* (1992) 8 Cal.App.4th 517 [10 Cal.Rptr.2d 444]; *First Western Development Corp.* v. *Superior Court* (1989) 212 Cal.App.3d 860, 867-871 [261 Cal.Rptr. 116].) An appellate court is authorized to determine that a prefiling order should be issued pursuant to section 391.7, subdivision (a) and the decision of *In re Whitaker* (1992) 6 Cal.App.4th 54, 55-57 [8 Cal.Rptr.2d 289]. No sound reason has been advanced to preclude this court from issuing a prefiling order. Therefore, this court finds that Albert Andrisani is a vexatious litigant within the meaning of section 391, subdivision (b). Accordingly, we order that henceforth Albert Andrisani not file any litigation in the courts of this state in propria persona without first obtaining leave of the presiding judge, presiding justice, or Chief Justice of the court in which the litigation is proposed to be filed. (§ 391.7, subd. (a).) The clerk of this court is directed to provide a copy of this opinion and order to the Judicial Council. (§ 391.7, subd. (d).) A copy shall also be provided to the Presiding Judge of the Los Angeles Superior Court.

Further, because the notice of appeal has already been filed, pursuant to section 391.7, subdivision (c), this opinion shall constitute a notice stating that plaintiff is a vexatious litigant subject to a prefiling order as described in section 391.7, subdivision (a). All further litigation in this matter is stayed. Plaintiff shall have 10 days from the filing date of this opinion to obtain an order from the assistant administrative presiding justice permitting a continuation of the present appeal. If no action is taken by plaintiff to secure an order pursuant to section 391.7, subdivision (b), this appeal shall be dismissed 11 days from today's date.

Grignon, J., and Jackson, J.,* concurred.

---

[3]The order, filed August 20, 1992, stated in relevant part: "Plaintiff, Albert Andrisani, has applied to the court for an order waiving court fees and costs. Mr. Andrisani has on previous occasions been found to be a vexatious litigant within the meaning of Code of Civil Procedure section 391, subdivision (b). (*Andrisani* v. *Saugus Colony Limited* (1992) 8 Cal.App.4th 517 [10 Cal.Rptr.2d 444]; *First Western Development Corp.* v. *Superior Court* (1989) 212 Cal.App.3d 860, 867-871 [261 Cal.Rptr. 116].) Pursuant to the decision of *In re Whitaker* (1992) 6 Cal.App.4th 54, 55-57 [8 Cal.Rptr.2d 249], this court is contemplating entering, as to plaintiff, a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed. (Code Civ. Proc., § 391.7, subd. (a).) Plaintiff or defendant may file any papers they wish by 4:30 p.m. on August 31, 1992."

*Judge of the Municipal Court for the Antelope Judicial District sitting under assignment by the Chairperson of the Judicial Council.