[No. D014995. Fourth Dist., Div. One. Apr. 5, 1993.]

ALFRED BANKS, Plaintiff and Appellant, v.
THE STATE OF CALIFORNIA, Defendant and Respondent.

**[Opinion certified for partial publication.[1]]**

[1]Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part 1.

**COUNSEL**

Alfred Banks, in pro. per., for Plainitff and Appellant.

Lloyd M. Harmon, Jr., County Counsel, and Deborah Peterson-Lee, Deputy County Counsel, for Defendant and Respondent.

**OPINION**

**WIENER, Acting P. J.**—The development of the common law is often thought to be the province of creative lawyers. There are times, however, when persons without formal legal training play a significant role in bringing issues to the attention of the courts. In this case Alfred Banks, appearing in propria persona, was declared a vexatious litigant under the standards set forth in Code of Civil Procedure section 391, subdivision (b), precluding him from filing new litigation in state court without prior approval of the presiding judge of the court in which the action was to be filed. While we reject his claim that he was improperly classed a vexatious litigant under the statutory standard, we conclude there is merit to his argument that the court's "prior approval" order should have excluded small claims actions from its terms. Accordingly, we modify the order and affirm.

In April 1991 the superior court issued an order to show cause why Alfred Banks should not be declared a vexatious litigant. Following a hearing in May 1991, the court found Banks a vexatious litigant under Code of Civil

Procedure section 391[2] and issued an order pursuant to section 391.7 as follows: "[N]o new litigation may be brought by Mr. Banks in propria persona without first obtaining leave of Court from the Presiding Judge of the Court where the pending litigation is going to be filed. Mr. Banks must show that the litigation in question has merit. The Court does not order security to be posted, but issues said order [without] prejudice to any party in any action pending in the courts of the State of California . . . ."

Banks appeals this order contending that the court issuing the order lacked the jurisdiction to do so, the court failed to comply with the requisite statutory provisions and there is insufficient evidence to support it.

### DISCUSSION

1. *Banks was properly determined to be a vexatious litigant.*\*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

2. *The order requiring prefiling court approval should be modified to exclude actions in small claims court.*

■     Even assuming he was properly classified a vexatious litigant, Banks argues the court's order is overbroad in that it fails to exempt small claims actions from the "new litigation" which requires court approval before filing. To the extent there is ambiguity in the court's order, Banks represented at oral argument that the order was being applied so as to preclude his filing cases in small claims court without review by the presiding judge.

Section 391.7 allows a court to enter an order "which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed." Section 391, subdivision (a) defines "litigation" as "any civil action or proceeding commenced . . . in any state or federal court of record." An order entered pursuant to section 391.7, however, does not apply to actions filed in small claims court because small claims court is not a "court of record." (*Merco Constr. Engineers, Inc.* v. *Municipal Court* (1978) 21 Cal.3d 724, 727, 732 [147 Cal.Rptr. 631, 581 P.2d 636]; see also *id.* at p. 736 (dis. opn. of Tobriner, J.) ["municipal courts, unlike small claims courts, are courts of record . . . ."].) Such a conclusion is consistent with subdivision (b)(1) of section 391 which, in specifying the number of cases which must be resolved adversely to a litigant, excludes from the calculation any case filed "in a small claims court . . . ."

---

[2]All statutory references are to the Code of Civil Procedure unless otherwise specified.
\*See footnote, *ante*, page 1147.

The court's order in this case, which requires court approval for the filing of "new litigation," is accurate if read in light of the definition found in section 391, subdivision (a). To avoid confusion, however, we will modify the order to specifically exclude actions filed in small claims court.

### DISPOSITION

The first sentence of the order is modified to read: "No new litigation, other than actions filed in small claims court, may be brought by Mr. Banks in propria persona without first obtaining leave of Court from the Presiding Judge of the Court where the litigation is going to be filed." As modified the order is affirmed. The parties will bear their own costs for this appeal.

Froehlich, J., and Nares, J., concurred.

A petition for a rehearing was denied April 21, 1993, and appellant's petition for review by the Supreme Court was denied June 30, 1993.