[No. A061063. First Dist., Div. Five. Nov. 15, 1993.]

ALBION RIVER WATERSHED PROTECTION ASSOCIATION et al., Plaintiffs and Appellants, v.
DEPARTMENT OF FORESTRY AND FIRE PROTECTION, Defendant and Respondent;
LOUISIANA-PACIFIC CORPORATION, Real Party in Interest and Respondent.

[**Opinion certified for partial publication.\***]

---

*Pursuant to California Rules of Court, rule 976.1(a), this opinion is certified for publication with the exception of parts I and II.A.

## COUNSEL

Rodney Richard Jones for Plaintiffs and Appellants.

Ann Brick, Edward M. Chen, Matthew A. Coles, Margaret C. Crosby and Alan L. Schlosser as Amici Curiae on behalf of Plaintiffs and Appellants.

Daniel E. Lungren, Attorney General, Roderick E. Walston, Chief Assistant Attorney General, Walter E. Wunderlich, Assistant Attorney General, and Sarah C. Backus, Deputy Attorney General, for Defendant and Respondent.

Rawles, Hinkle, Carter, Behnke & Oglesby, Jared G. Carter and Cindee F. Mayfield for Real Party in Interest and Respondent.

## OPINION

**PETERSON, P. J.**—Albion River Watershed Protection Association and Friends of Salmon Creek (Albion) appeal from a judgment dismissing their petition for writ of mandate. The petition had challenged the approval of a timber harvest plan (THP) by respondent California Department of Forestry and Fire Protection (Forestry). The trial court dismissed the petition, ruling

Albion had failed to request a hearing within 90 days of filing as required by Public Resources Code section 21167.4 (section 21167.4). Albion now contends that section 21167.4 is inapplicable to judicial review of THP's. We will reject this argument under the authority of our recent decision in *Dakin* v. *Department of Forestry & Fire Protection* (1993) 17 Cal.App.4th 681 [21 Cal.Rptr.2d 490]. However, as in that case, we will reverse the judgment of dismissal because the *Dakin* rule operates prospectively.

We will also reverse an order imposing sanctions against Albion. While sanctions may ultimately be appropriate, we deem it necessary to remand this case so the trial court can consider the issue further.

## I. FACTUAL AND PROCEDURAL BACKGROUND*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## II. DISCUSSION

### A. *Applicability of Section 21167.4**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### B. *Sanctions*

The trial court imposed sanctions of $2,736.10 against Albion under Code of Civil Procedure section 128.5 which states, "Every trial court may order a party . . . to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay." The court based the sanctions award on two grounds. First, the court ruled that Albion's failure to request a hearing on the writ petition within 90 days of filing, as required by section 21167.4, was "a bad faith tactic that was both frivolous and solely intended to cause unnecessary delay." Alternately, the court noted Albion had violated a local rule which states that a complaint must be served within 60 days from the date it is filed. The court ruled that by waiting three and one-half months to serve its complaint, Albion had engaged in tactics "which were 'solely intended to cause [and which did cause] unnecessary delay.'" (Brackets in original.)

■ Albion now claims an award of sanctions could not be based on either of these grounds. As to the first, we agree. The 90-day rule described

---

*See footnote, *ante*, page 34.

by section 21167.4 does not apply in this case because Albion's petition was filed before *Dakin* became final. Thus, Albion was not required to request a hearing within 90 days prior to the finality of *Dakin*'s resolving the issue of the applicability of section 21167.4, and cannot be sanctioned for failure to comply with that statute under such circumstances.

The trial court's additional ground for imposition of sanctions is a different story. As the trial court noted, Albion failed to serve its complaint within 60 days and presented absolutely no excuse for the delay. This act undoubtedly delayed the resolution of the case. Normally, under circumstances such as this, we would simply defer to the trial court and affirm the award of sanctions. However, under the facts of this case, we cannot do so. Although the trial court based its sanction award on two grounds, it is not clear whether the court believed either of those grounds alone would have supported an award of sanctions. Under these circumstances, we believe the better practice is to remand the case so the trial court can consider whether Albion's failure to serve the complaint in accordance with the court's local rules, by itself, justified an award of sanctions. In so doing, we state no opinion on whether an award of sanctions on this ground is appropriate.

Nor do we state any opinion on whether an award of sanctions is appropriate because Albion filed its initial petition "In Pro Per" through one Andrea Luna, who declared herself under penalty of perjury to be "a member and the legal coordinator for petitioner," and then waited approximately six months before retaining an attorney. ■ It is settled that an unincorporated association must be represented by a person licensed in this state to practice law. (*Clean Air Transport Systems* v. *San Mateo County Transit Dist.* (1988) 198 Cal.App.3d 576, 578-579 [243 Cal.Rptr. 799]; *Merco Constr. Engineers, Inc.* v. *Municipal Court* (1978) 21 Cal.3d 724, 729-730 [147 Cal.Rptr. 631, 581 P.2d 636]; Bus. & Prof. Code, § 6125 et seq.) It is not clear whether the trial court specifically considered or rejected Albion's initiation of this litigation in propria persona as a further frivolous tactic supporting its sanctions award under Code of Civil Procedure section 128.5.[2]

If an unincorporated association clearly violates Business and Professions Code section 6125 et seq., by filing a complaint in propria persona through a member unlicensed to practice law, such action may well be found to be

[2]The trial court's order of November 25, 1992, on the motions of Forestry and Louisiana-Pacific Corporation to strike the complaint and for judgment on the pleadings, inter alia, mooted the issue of Albion's standing to sue by reason of its initiation of this action in propria persona only *as to those motions*, since Albion had retained present counsel when they were heard. That order, however, did *not* purport to deal with the question of whether Albion, an unincorporated association with a substantial history of participating as a party in THP

frivolous under Code of Civil Procedure section 128.5, particularly in the case of an experienced litigant so acting. Such action may, as well, necessarily delay progress of the litigation thus initiated until such association's representation is assumed by one legally authorized to do so.

### III. DISPOSITION

The judgment is reversed. The matter is remanded for further proceedings in determining whether grounds exist for imposition of sanctions against Albion independently of consideration of the 90-day rule of section 21167.4. Each party shall bear its own costs.

King, J., and Haning, J., concurred.

---

litigation, thereby undertook a frivolous tactic or bad faith action proscribed by Code of Civil Procedure section 128.5.`