[No. A078680. First Dist., Div. Four. Apr. 3, 1998.]

PATRICIA A. McCOLM, Plaintiff and Appellant, v.
WESTWOOD PARK ASSOCIATION, Defendant and Respondent.

---

**COUNSEL**

Patricia A. McColm, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

---

**OPINION**

**HANLON, P. J.**—Patricia A. McColm has been found to be a vexatious litigant. We dismissed her appeal for failure to post a $1,000 undertaking, imposed as a condition to proceeding with the appeal. She seeks rehearing from our dismissal order. She argues that the vexatious litigant code sections

do not apply to her situation because her appeal is not "new litigation" and her adversary, Westwood Park Association (Westwood), was never served as a "defendant" in the underlying action and could not benefit from an undertaking. She contends as well that, because this court has accepted her application to proceed in forma pauperis, it cannot require her to post a $1,000 undertaking, which she claims she cannot afford. She objects to this court requiring an undertaking without conducting an evidentiary hearing to determine its amount, and she raises several other issues.

McColm's contentions are unsound. Her application for rehearing is denied. In previously ruling on McColm's challenge to the undertaking, the Honorable Gary E. Strankman, Administrative Presiding Justice for the First Appellate District, explained to McColm in a written decision both how and why the vexatious litigant procedures apply to appeals and writ petitions. We agree completely with Justice Strankman's analysis. In the following six sections of this opinion, we reproduce his analysis, and we adopt it as our own with only minor editing. After those six sections, we answer additional claims made by McColm.

## Decisional Law

In *Stafford* v. *Russell* (1962) 201 Cal.App.2d 719, 722 [20 Cal.Rptr. 112], the Second Appellate District suggested the Legislature take action to ease the burden imposed upon the courts by vexatious litigants. The Legislature responded by enacting Code of Civil Procedure sections 391-391.6,[1] which Division Two of this appellate district then upheld against a constitutional attack (*Taliaferro* v. *Hoogs* (1965) 236 Cal.App.2d 521 [46 Cal.Rptr. 147]).

In the intervening years, appellate courts repeatedly have applied the vexatious litigant statute to trial court proceedings (see, e.g., *Wolfgram* v. *Wells Fargo Bank* (1997) 53 Cal.App.4th 43 [61 Cal.Rptr.2d 694]; *Tokerud* v. *Capitolbank Sacramento* (1995) 38 Cal.App.4th 775 [45 Cal.Rptr.2d 345]; *Devereaux* v. *Latham & Watkins* (1995) 32 Cal.App.4th 1571 [38 Cal.Rptr.2d 849]; *Childs* v. *PaineWebber Incorporated* (1994) 29 Cal.App.4th 982 [35 Cal.Rptr.2d 93]; *Stolz* v. *Bank of America* (1993) 15 Cal.App.4th 217 [19 Cal.Rptr.2d 19]; *Banks* v. *State of California* (1993) 14 Cal.App.4th 1147 [18 Cal.Rptr.2d 127]; *Camerado Ins. Agency, Inc.* v. *Superior Court* (1993) 12 Cal.App.4th 838 [16 Cal.Rptr.2d 42]; *First Western Development Corp.* v. *Superior Court* (1989) 212 Cal.App.3d 860 [261 Cal.Rptr. 116]; *Muller* v. *Tanner* (1969) 2 Cal.App.3d 445 [82 Cal.Rptr. 738].) On other occasions the courts have applied the vexatious litigant statute to appeals and writ petitions filed in the Court of Appeal. (See, e.g., *In re Shieh* (1993) 17 Cal.App.4th

---

[1] All statutory references are to the Code of Civil Procedure.

1154 [21 Cal.Rptr.2d 886]; *Andrisani* v. *Hoodack* (1992) 9 Cal.App.4th 279 [11 Cal.Rptr.2d 511]; *In re Whitaker* (1992) 6 Cal.App.4th 54 [8 Cal.Rptr.2d 249]; *In re Luckett* (1991) 232 Cal.App.3d 107 [283 Cal.Rptr. 312].)

Although the appellate courts have not articulated their reasons for applying the statute to appellate writs and appeals, their willingness to do so stems from the statute's broad definitions for the terms "litigation," "plaintiff" and "defendant."

### *The Vexatious Litigant Statutes*

■ The vexatious litigant statute authorizes a "defendant" to bring a motion to require a "plaintiff" to furnish security. Defendant must prove that the plaintiff is a "vexatious litigant"[2] and that there is no reasonable probability that plaintiff will prevail in the litigation. (§ 391.1.) The statute contemplates a hearing to determine whether the plaintiff qualifies as "vexatious" (§ 391.2) and instructs the court to require security if it finds plaintiff has no reasonable probability of prevailing. Security is "for the benefit of the moving defendant" and in "such amount and within such time as the court shall fix." (§ 391.3.) If security is not furnished as ordered, the "litigation" shall be dismissed as to the "defendant for whose benefit it was ordered furnished." (§ 391.4.) While the motion is pending, if it is filed before trial, the litigation is stayed. Implicitly, the motion may also be filed after trial, in which case the "litigation" shall be stayed for such period as the court "shall determine" after denial of the motion or after furnishing security. (§ 391.6.)

The foregoing sections apply where the vexatious litigant question is raised in a pending proceeding. The court is required to determine both whether the person is a vexatious litigant and whether an undertaking should be required because it is not reasonably probable that plaintiff will prevail.

---

[2] " 'Vexatious litigant' means a person who does any of the following: [¶] (1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing. [¶] (2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined. [¶] (3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay. [¶] (4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence." (§ 391, subd. (b).)

Section 391.7, added in 1990 (Stats. 1990, ch. 621, § 3, pp. 3072-3073),[3] furnished the courts an additional resource for addressing vexatious litigant problems. This newer section operates beyond the pending case and affects the litigant's future filings. It authorizes a court to "enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed." (§ 391.7, subd. (a).)

When a prefiling order is in force, "[t]he presiding judge shall permit the filing of such litigation only if it appears that the litigation has merit and has not been filed for the purposes of harassment or delay. The presiding judge may condition the filing of the litigation upon the furnishing of security for the benefit of the defendants as provided in Section 391.3." (§ 391.7, subd. (b).) If the clerk mistakenly files any litigation presented by a litigant who is subject to a prefiling order, the litigant may be required to seek the presiding judge's permission to proceed. (§ 391.7, subd. (c).) The clerk of any court issuing a prefiling order is to provide a copy of such order to the Judicial Council, which maintains and disseminates annually a list of persons subject to such orders. (§ 391.7, subd. (d).)[4]

■ McColm reads sections 391.1-391.7 in isolation and concludes, erroneously, that they apply only to plaintiffs and defendants in trial courts. Reading these sections with the definitions in section 391 shows that McColm's interpretation of the statute is wrong.

Throughout the vexatious litigant statute, " 'Litigation' means any civil action or proceeding, commenced, maintained or pending in any state or federal court." (§ 391, subd. (a).) Manifestly, "any civil action or proceeding" includes any appeal or writ proceeding. Of course, "any state or federal court" includes the California Court of Appeal.

---

[3]Senate Bill No. 2675 (1989-1990 Reg. Sess.) was introduced by Senator Milton Marks and sponsored by the Attorney General. In a letter urging Governor George Deukmejian to sign the measure, Senator Marks said he expected the measure to "ensure that our court system is no longer a venue for those who have no interest in resolving legitimate disputes."

[4]Sections 391.1-391.6 differ from section 391.7 in some significant ways. Under the former sections, the litigant may proceed with the case without showing a reasonable probability of prevailing, but the litigant will have to furnish security to proceed if the court finds success improbable. Under the latter section, the litigant is barred from filing the action or proceeding if success is considered improbable. When the litigant is subject to a prefiling order, even if the court finds high enough probability of success to allow the litigant to proceed, it may compel the litigant to furnish security as a condition to maintaining the action.

Section 391.7's extra burden upon the vexatious litigant arises because a state court has taken a second step in addressing the vexatious litigant problem and has determined that no court or adverse party should be burdened by the particular plaintiff's meritless litigation.

" 'Plaintiff' means the person who commences, institutes or maintains a litigation or causes it to be commenced, instituted or maintained, including an attorney at law acting in propria persona." (§ 391, subd. (d).) An appellant or writ petitioner certainly commences, institutes or attempts to maintain the litigation in this court.

" 'Defendant' means a person (including corporation, association, partnership and firm or governmental entity) against whom a litigation is brought or maintained or sought to be brought or maintained." (§ 391, subd. (e).) Any respondent or real party in interest in this court is a person against whom litigation is brought or maintained.

Applying these broad definitions does not mean that this court will routinely reject proper attempts by vexatious litigants to appeal or to file writ petitions. It means only that the court will enforce the vexatious litigant statute by requiring the permission of the administrative presiding justice before a vexatious litigant subject to a prefiling order may proceed in this court. The decision whether to allow the litigant to proceed will be made on an individual basis, taking into account such factors as the nature of the action below, the nature of the lower court's ruling, whether writ petition or appeal is the appropriate procedure for seeking review in the Court of Appeal, the litigant's claims of error and whether the litigant has demonstrated improper reasons for bringing the original litigation or for taking it to the next court level.

### Application of the Statute to McColm's Appeal

The San Francisco County Superior Court declared McColm a vexatious litigant subject to a prefiling order in an action against a different defendant. On December 29, 1997, McColm submitted an application to proceed with her appeal from dismissal of her action against Westwood.[5] She seeks in her proposed appeal to show that the superior court improperly dismissed the underlying civil action when McColm failed to appear for a hearing. She has explained in this court that her action against Westwood stems from the homeowner's association's allegedly operating with a suspended business license. She claims personal injury and fraud and complains about various

---

[5]This notice of appeal is one among many McColm has filed in the recent past, representing at least 10 lawsuits she has filed in the superior court against at least 10 different defendants. (See action Nos. A059761, A072522, A076016, A078088, A078248, A078676, A078677, A078678, A079576, A079672.) The first two of these were filed before the prefiling order was made against McColm. Several of the others were ordered dismissed when McColm failed to file a timely application for permission to proceed with the appeals. In one case, No. A076016, an appeal now pending, McColm received permission to proceed without posting security.

actions taken by the association, including continuing to collect fees from homeowners while its operating status was in doubt.

On January 8, 1998, Justice Strankman, taking into consideration the factors mentioned above, signed an order permitting McColm to proceed with the appeal. The order conditioned this permission upon McColm's posting a vexatious litigant bond in the amount of $1,000 on or before March 2, 1998. On March 4, 1998, since McColm failed to post the undertaking, we dismissed her action. She seeks rehearing of our dismissal decision.

### Undertaking Requirement and Hearing

■ Before we dismissed her action, McColm sought rehearing from that portion of the Justice Strankman's order which required her to post an undertaking. She raised a number of arguments: First, McColm contended that, under the statute, bonds are for the benefit of defendants, not respondents like Westwood. However, as explained above, "defendant" has a broad meaning in the vexatious litigant statute and includes the respondent in an appeal (or the real party in interest in a writ proceeding).

Next, McColm claimed that section 391.7 incorporates section 391.3 and therefore requires a hearing and evidence to support an undertaking. She correctly observed that section 391.7 authorizes the court to require "security for the benefit of the defendants as provided in Section 391.3." (§ 391.7, subd. (b).) However, she misread section 391.3.

Sections 391.2 and 391.3 require a hearing and evidence on the question of whether plaintiff is a vexatious litigant, but section 391.3 states only that if the court finds plaintiff is vexatious and probably will not prevail, it "shall order the plaintiff to furnish, for the benefit of the moving defendant, security in such amount and within such time as the court shall fix." The statute says nothing about a hearing and evidence on the amount of the undertaking. Nor does *Devereaux* v. *Latham & Watkins, supra,* 32 Cal.App.4th 1571 (hereafter *Devereaux*), the only authority McColm cited, impose such a requirement.

### Amount of the Undertaking

McColm noted that this court had granted her request for a waiver of appeal costs. She anticipated only a small record and therefore very little cost associated with the appeal. She argued no bond should have been required.

Again McColm ignored a statutory definition. Section 391, subdivision (c), defines "security" to mean "an undertaking to assure payment, to the

party for whose benefit the undertaking is required to be furnished, of the party's reasonable expenses, including attorney's fees and not limited to taxable costs, incurred in or in connection with a litigation instituted . . . by a vexatious litigant."

The bond is not to cover McColm's costs for obtaining the record. It is to secure Westwood against expenses, including attorney fees, incurred because of McColm's appeal. Unlike McColm, who may proceed in propria persona, Westwood must use an attorney to defend itself in McColm's litigation. (*Albion River Watershed Protection Assn.* v. *Department of Forestry & Fire Protection* (1993) 20 Cal.App.4th 34, 37 [24 Cal.Rptr.2d 341].)

McColm asserted that because this court was aware that she qualifies for social services and has "no income available other than subsistence," the $1,000 amount was an undue burden. It was not.

In *Devereaux, supra,* 32 Cal.App.4th at pages 1587-1588, the court sustained a $25,000 security required of a litigant proceeding in forma pauperis: "As to appellant's claim that she is unable to post the security, we need only refer to the vexatious litigant statutes which nowhere require the trial court to take into consideration the plaintiff's means in determining the amount of security to be required. (§ 391 et seq.) Indeed, as respondent points out, the issue was raised in the legislative record but is not reflected in the statutes as enacted. This suggests that the Legislature did not intend for the court to concern itself with this consideration."[6]

### The Appeal as New Litigation

McColm contended that because an appeal is not among the "Special Proceedings" established by section 1063 et seq., and referred to in *In re Bittaker* (1997) 55 Cal.App.4th 1004, 1010 [64 Cal.Rptr.2d 679] (*Bittaker*), it is not governed by the vexatious litigant statute. She is wrong.

*Bittaker* held only that the vexatious litigant statute does not apply to writs of habeas corpus. It did not examine the limits of the statute's application to civil proceedings. ■ "Litigation" for purposes of vexatious litigant requirements encompasses civil trials and special proceedings, but it is broader than that. It includes proceedings initiated in the Courts of Appeal by notice of appeal or by writ petitions other than habeas corpus or other criminal matters.

---

[6]The $25,000 amount in *Devereaux* was supported by an affidavit from respondent's attorney. (32 Cal.App.4th at p. 1588.) The $1,000 amount here requires no similar support. This appeal, if it proceeds, will cost Westwood many times that amount.

*McColm's Additional Claims*

In her request that we rehear our dismissal order, McColm claims that this court developed vexatious litigant procedures because of her and imposes undertaking requirements upon only her. She is mistaken. While McColm is one of this district's most persistent litigators, she is far from the only vexatious litigant who seeks to file appeals and writ petitions in this district. This court designed and routinely began to use its application form for vexatious litigants subject to prefiling orders in order to insure uniformity in applying the vexatious litigant statute, not as a means for targeting McColm or any other vexatious litigant for unfavorable treatment.[7]

■ McColm complains that Justice Strankman's order requiring an undertaking was a one-judge order. She is correct that a single judge considered her application to proceed. However, it is not surprising or inappropriate that Justice Strankman acted alone on her application. Section 391.7 designates the presiding judge as the person to grant or deny permission to proceed. The administrative presiding justice of a multidivision appellate court is an appropriate recipient of the application because the appellant/petitioner is required to seek permission at the outset, before an appeal or writ petition is filed and a division is assigned. McColm's violation of section 391.7, by appealing without first obtaining Justice Strankman's permission,[8] does not render him the wrong person to consider her application.

McColm contends the vexatious litigant statute does not apply to her appeal because even if it is considered "litigation," it is not "new litigation" and because litigation cannot be "maintained" after it has been reduced to judgment, as her case had been. McColm ignores the fact that each appeal or writ petition is "new" to this court when it is filed, thus qualifying as "new litigation" within the meaning of section 391.7, subdivision (a), and that an

---

[7]On October 2, 1997, Division Two of this court dismissed the appeal of another vexatious litigant after he failed to post an undertaking required by Justice Strankman (*Labankoff* v. *McAulley* (Oct. 2, 1997) A076775 [nonpub. opn.]). Appeals and writ petitions presented by McColm and other vexatious litigants, too numerous to identify here, have been dismissed either because Justice Strankman has denied permission to proceed or because the litigants have failed to make timely applications for permission to proceed. Others are pending in this court or have been decided on the merits because Justice Strankman has granted permission to proceed.

[8]Conduct for which the statute authorizes punishment as a contempt of court. (§ 391.7, subd. (a).)

appeal or writ proceeding is "maintained" in this court until our jurisdiction is lost.[9]

McColm objects to the undertaking requirement on several grounds not raised or clearly articulated in her brief to Justice Strankman: (1) Westwood was never served and did not appear in the superior court action and is therefore not a "defendant" entitled to the benefit of an undertaking, (2) Westwood needs no security for costs because some of its members are attorneys who could volunteer their services, (3) pursuant to *Conover* v. *Hall* (1974) 11 Cal.3d 842 [114 Cal.Rptr. 642, 523 P.2d 682], an indigent litigant may not be compelled to post an undertaking as a condition to proceeding with litigation, and (4) Justice Strankman improperly denied her requests for an extension of time, reduction of the undertaking amount, and appointment of an attorney to assist her in challenging the bond requirement, and he improperly rejected her proffer of a small down payment on the $1,000 undertaking.[10]

Although McColm may not have served Westwood, and Westwood may not have appeared below, it was the beneficiary of the superior court's dismissal order. Neither McColm nor this court could expect Westwood to sit idly by while McColm appealed the dismissal. "Respondent" is defined as "the adverse party" to an appellant (Cal. Rules of Court, rule 40(c)). Clearly, Westwood is a respondent in this appeal, regardless of how McColm chooses to characterize its position.

McColm's suggestion that Westwood needs no undertaking because its member-attorneys may volunteer their services is specious. It is one thing for McColm to donate her time and legal skills to "represent" herself in an action she initiates. It is quite another to require attorney-members of the

---

[9]Quoting section 391.1 ("at any time until final judgment is entered, a defendant may move the court . . . for an order requiring the plaintiff to furnish security"), McColm argues that the vexatious litigant statute applies only before judgment is entered in the trial court and not to appeals. In making this argument, McColm ignores the fact that a trial court judgment is not final until the time for appeal has passed or remittitur has issued. By seeking to appeal, McColm acknowledged that the judgment was not final.

[10]She also presents additional arguments about the right to another hearing to determine whether she is a vexatious litigant and to a hearing on the amount of the undertaking, and she levels a constitutional attack upon the statute. McColm's interpretation of the statute conflicts with its plain meaning, as we explained it above. The vexatious litigant statute has been declared constitutional in both *Taliaferro* v. *Hoogs, supra,* 236 Cal.App.2d 521, and *Wolfgram* v. *Wells Fargo Bank, supra,* 53 Cal.App.4th at pages 50-59, decisions we see no reason to revisit.

McColm also notes that when section 391.7 was proposed, the Judicial Council advised the Legislature against authorizing security when presiding judges conclude the new litigation has possible merit. It is clear from the wording of section 391.7, subdivision (b), however, that the Legislature did not follow the Judicial Council's advice.

defendant organization to "volunteer" their time and legal expertise to respond to her myriad presentations without protection from an undertaking.

Contrary to McColm's assertions, *Conover* v. *Hall, supra,* 11 Cal.3d at pages 850-853, does not prevent this court from compelling indigent vexatious litigants to post undertakings. In *Conover,* the appellant challenged a superior court's waiver of the statutory undertaking required for issuing a preliminary injunction. The California Supreme Court upheld the lower court's common law authority to dispense with the fee. It did not state or imply that courts must in all cases waive undertaking requirements for indigent litigants. (*Ibid.*)

Section 995.240, applicable to all statutory bonds or undertakings (§ 995.020), codified the common law authority recognized in *Conover* (3 Witkin, Cal. Procedure (4th ed. 1996) Actions, § 394, p. 495), stating that "[t]he court may, in its discretion, waive a provision for bond . . . . In exercising its discretion the court shall take into consideration all factors it deems relevant, including . . . the potential harm to the beneficiary if the provision for the bond is waived." Justice Strankman had discretion to require an undertaking. His order indicates that, in determining the amount, he took into account both McColm's assertion that she qualified for social services and Westwood's potential costs.

Finally, McColm is wrong in her claim that this court should have granted her request for an extension of time and for appointed counsel to challenge the undertaking or her request that this court reduce the amount and/or accept a $50 down payment against the $1,000 amount. McColm filed these requests only after Justice Strankman's decision on the bond requirement was final in this court and after the Supreme Court had denied review. It was too late then for her to challenge the undertaking requirement or its deadline.

McColm's request for rehearing is denied.

Poché, J., and McGuiness, J., concurred.

A petition for a rehearing was denied April 3, 1998, and appellant's petition for review by the Supreme Court was denied April 29, 1998.