Filed 9/28/20  Drevaleva v. Alameda Health System CA1/4
Following opinion filed on 8/31/20

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| TATYANA DREVALEVA,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>ALAMEDA HEALTH SYSTEM et al.,<br><br>        Defendants and Respondents. | A158862<br><br>(Alameda County Super. Ct. No. RG19010635) |

**BY THE COURT**[1]**:**

On July 21, 2020, we ordered appellant Tatyana Drevaleva to show cause why she should not be declared a vexatious litigant pursuant to Code of Civil Procedure[2] section 391 et seq. based on her conduct and motion practice in various appeals.  Having considered her response, we now declare her a vexatious litigant pursuant to section 391, subdivision (b)(3) and impose prefiling orders pursuant to section 391.7.

---

[1] Streeter, Acting P. J., Tucher, J., and Brown, J.

[2] Undesignated statutory references are to the Code of Civil Procedure.

1

## I. BACKGROUND AND PROCEDURAL HISTORY[3]

Alameda Health System (AHS) hired Drevaleva as a cardiac monitor technician in 2013. In an August 2013 conversation with her supervisor, Drevaleva challenged her part-time employee status, lack of paid breaks during her work shifts, unpaid shift differentials, and unpaid overtime compensation. After nothing in her wages or employee status changed, on September 5, 2013, Drevaleva sent her supervisor a letter reiterating her questions. On September 7, 2013, AHS terminated Drevaleva for her failure to comply with AHS employment standards. She then filed a retaliation claim with the Department of Industrial Relations, Division of Labor Standards Enforcement (DIR), seeking a variety of remedies including overtime wages and differential pay.

In December 2016, after a thorough investigation, DIR determined Drevaleva was terminated for a legitimate, non-retaliatory reason—her negligence had seriously harmed a patient—and denied Drevaleva's claim. An AHS email dated September 4, 2013 documented its decision to terminate Drevaleva before she authored her September 5 letter.

Drevaleva filed several state and federal lawsuits against AHS and DIR related to her termination, alleging discrimination, retaliation, libel, negligence, fraud, and violations of the Labor Code.

---

[3] We take these facts largely from the unpublished opinions in *Drevaleva v. Department of Industrial Relations* (Dec. 20, 2019, A155165, A155187, A155899) and *Drevaleva v. Alameda Health System* (May 29, 2020, A158282). On our own motion, we also take judicial notice of the records of appeal Nos. A158282 and A158862. (Evid. Code, §§ 452, subd. (d), 459.) The parties were advised that we intended to consider Drevaleva's actions in those appeals when determining whether she was a vexatious litigant. (See Evid. Code § 459, subd. (c).)

**A.      Appeals**

Drevaleva has maintained the following appeals in propria persona (pro per) arising from these lawsuits.

(1) *Drevaleva v. Department of Industrial Relations* (Dec. 20, 2019, A155165, A155187, A155899) (nonpub. opn.) (*Drevaleva I–III*) are three pro per appeals by Drevaleva.  In *Drevaleva I* (A155165), filed on August 21, 2018, she challenged an August 17, 2018 trial court order partially granting DIR's anti-SLAPP motion to strike under Code of Civil Procedure section 425.16 and sustaining DIR's demurrer without leave to amend.  (See § 425.16 [describing a procedural remedy to dismiss nonmeritorious actions that chill the valid exercise of constitutional right of free speech].)  She filed an additional notice of appeal on August 29, 2018 (*Drevaleva II, supra,* A155187), challenging trial court rulings on a motion to take discovery.  On November 21, 2018, Drevaleva filed a third notice of appeal (*Drevaleva III, supra,* A155899) from an order denying her request for prevailing party attorneys' fees under Code of Civil Procedure section 425.16.  We subsequently consolidated the appeals for the purposes of record preparation, briefing, oral argument, and decision.  We affirmed all orders in favor of DIR. (*Drevaleva I–III, supra,* A155165, A155187, A155899.)

(2) *Drevaleva v. Department of Industrial Relations* (Dec. 19, 2019, A156248) (nonpub. opn.) (*Drevaleva IV*) is a pro per appeal by Drevaleva filed January 16, 2019.  In that appeal, Drevaleva challenged 1) the denial of her motion to stay the trial court proceedings pending a determination of a similar lawsuit filed in federal court; and 2) the trial court's refusal to issue a writ of mandate requiring DIR to transfer her case to the Department of Industrial Relations, Department of General Services.  (*Ibid.*)  We determined Drevaleva forfeited these claims by failing to raise them in

*Drevaleva I–III*, which she conceded was an appeal of a final judgment. (*Drevaleva IV, supra*, A156248.) Although we noted that Drevaleva "should not get a chance to resurrect issues that she forfeited in her earlier appeal by filing a new notice of appeal from the same final judgment," we nonetheless assessed the merits of her appeal. (*Ibid*.) After engaging in that review, we concluded the trial court did not abuse its discretion by denying Drevaleva's requests and affirmed the orders in favor of DIR. (*Ibid*.)

(3) *Drevaleva v. Alameda Health System* (March 20, 2020, A157851) (nonpub. opn.) (*Drevaleva V*) is a pro per appeal by Drevaleva from a judgment. After DIR determined that AHS terminated Drevaleva for legitimate, non-discriminatory reasons, she presented AHS with a government claim in August 2018. (*Ibid*.; see Gov. Code, § 945 [allowing lawsuits against public entities].) Drevaleva alleged she suffered over $500,000 in losses, including lost health and dental insurance, loss of the ability to purchase a home or car, and loss of the ability to become a physician assistant as a result of DIR's investigation and findings that she was terminated from AHS due to medical negligence. (*Drevaleva V, supra,* A157851.)

AHS rejected this claim as untimely and directed Drevaleva to petition the court for relief from Government Code section 945.4, regarding government claim presentation requirements. (*Drevaleva V, supra,* A157851; see Gov. Code, § 945.6, subd. (a) [identifying timelines for providing written or other notice to public entity of claim].) Drevaleva filed a verified petition requesting this relief, which the trial court rejected. (*Drevaleva V, supra,* A157851.) The trial court entered a judgment of dismissal with prejudice in May 2019. (*Ibid*.) The trial court also denied her additional request for

4

sanctions against AHS and her motion under section 663 to vacate the court's judgment.  (*Ibid*.)

Drevaleva filed a notice of appeal of all three orders on July 16, 2019. Our decision on this appeal acknowledged that litigants are required to fulfill government claim presentation requirements for all monetary demands, regardless of the theory of an action.  (*Drevaleva V, supra,* A157851.) Drevaleva, however, conceded both in the trial court and on appeal that she did not seek money or damages.  (*Ibid*.)  We thus deemed her verified petition frivolous and unnecessary and affirmed the court's rulings in favor of AHS. (*Ibid*.)

(4) *Drevaleva v. Alameda Health System* (May 29, 2020, A158282) (nonpub. opn.) (*Drevaleva VI*) is an appeal by Drevaleva in pro per filed on September 9, 2019 challenging the trial court's denial of her request for attorneys' fees because she was self-represented.  As relevant here, Drevaleva filed a petition pursuant to the California Public Records Act (CPRA) (Gov. Code, § 6250 et seq.), seeking documents relating to her termination from AHS and the DIR investigation of her wage and unlawful termination claims.  (*Drevaleva VI, supra*, A158282.)  AHS produced three documents in its possession responsive to the CPRA request and declared it did not have any additional responsive documents.  (*Ibid*.)  The trial court thus denied Drevaleva's petition as moot because AHS produced the documents, declared Drevaleva the prevailing party because her petition compelled AHS to produce the requested documents, and entered a judgment of dismissal. (*Ibid*.)

Drevaleva sought attorneys' fees and costs under section 128.5, governing sanctions, and Government Code section 6259, governing CPRA attorney fees—both requests the trial court rejected as unsupported by

5

evidence that Drevaleva actually incurred attorneys' fees, or that there were any actions justifying sanctions. (*Drevaleva VI, supra*, A158282.) We affirmed the trial court's rulings in favor of AHS. (*Ibid.*)

(5) *Drevaleva v. Alameda Health System* (Aug. 31, 2020, A158862) (nonpub. opn.) (*Drevaleva VII*) is an appeal filed by Drevaleva in November 2019, challenging the trial court's order granting AHS's motion to strike her complaint against AHS—which alleged libel, abuse of process, and intentional infliction of emotional distress based on a statement in a federal court brief that she was terminated for poor performance—pursuant to section 425.16 (the anti-SLAPP statute). We affirmed the trial court's order on August 31, 2020.

## B.    Order to Show Cause, Vexatious Litigant

With this background and based on other motions and requests discussed further below, we issued an order to Drevaleva to show cause why she should not be declared a vexatious litigant. Drevaleva was authorized to submit an opposition, and the matter was set for a hearing. After full briefing and extensions of deadlines, the matter was argued and submitted.

## II.    DISCUSSION

The " 'vexatious litigant' " statutes under section 391 et seq. " 'are designed to curb misuse of the court system by those persistent and obsessive litigants who, repeatedly litigating the same issues through groundless actions, waste the time and resources of the court system and other litigants.' " (*In re Marriage of Rifkin & Carty* (2015) 234 Cal.App.4th 1339, 1345.) Courts have the authority to enter a prefiling order prohibiting individuals deemed vexatious litigants from filing new in pro per litigation without first obtaining leave of the presiding judge or presiding justice where the litigation is to be filed. (§ 391.7, subd. (a); *Bravo v. Ismaj* (2002)

6

99 Cal.App.4th 211, 221 (*Bravo*).)  Permission to file may be granted "only if it appears that the litigation has merit and has not been filed for the purposes of harassment or delay."  (§ 391.7, subd. (b).)  The prefiling requirement "does not deny the vexatious litigant access to the courts but operates solely to preclude the initiation of meritless lawsuits and their attendant expenditures of time and costs."  (*Bravo,* at pp. 221–222.)

In order to deem a party a vexatious litigant, a court must find the party falls under at least one of the four separate definitions set forth in the Code of Civil Procedure.  (§ 391, subd. (b).)  As is relevant here, the code defines as vexatious any litigant who "[i]n any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay."  (§ 391, subd. (b)(3).) " 'Litigation' means any civil action or proceeding, commenced, maintained or pending in any state or federal court," which also includes any appeal. (§ 391, subd. (a); *McColm v. Westwood Park Assn.* (1998) 62 Cal.App.4th 1211, 1216 (*McColm*).)

"What constitutes 'repeatedly' and 'unmeritorious' under subdivision (b)(3), in any given case, is left to the sound discretion" of the court.  (*Morton v. Wagner* (2007) 156 Cal.App.4th 963, 971.)  The determinative factor is the nature and effect of the filings, not the number.  (*Id.* at pp. 971–972.)  To qualify under subdivision (b)(3), courts have required that motions, pleadings or other papers be "so devoid of merit and be so frivolous that they can be described as a ' "flagrant abuse of the system," ' have 'no reasonable probability of success,' lack 'reasonable or probable cause or excuse' and are clearly meant to ' "abuse the processes of the courts and to harass the adverse party." ' "  (*Id.* at p. 972.)  A review of even a few of Drevaleva's recent filings

demonstrates her persistent pattern of making requests unsupported by any legal authority or facts, and repeating arguments and requests after they have already been denied, thus fully satisfying these criteria.[4]

[4] Although we need not rely on any of Drevaleva's actions in her federal litigation for a conclusion that she meets the criteria for a vexatious litigant, Drevaleva admits that the United States District Court for Northern California has also previously revoked her in forma pauperis (IFP) status because she filed repetitive suits based on the same events. (See, e.g., *Drevaleva v. Wilkie* (N.D. Cal., Feb. 18, 2020, No. C 19-02665 WHA) 2020 U.S. Dist. Lexis 28336 [revoking IFP status because "[i]t is now clear that Ms. Drevaleva is abusing her IFP status. Instead of diligently pursing her *two* pending cases before our court of appeals, she has opened *three new* cases. These repetitive suits stem from the same events. Ms. Drevaleva is entitled to her day in court—she is not entitled to . . . impact other litigants' access to the limited resources of the courts, by filing a multitude of suits at public expense"]; see also *Drevaleva v. U.S. Dep't of Veterans Affairs* (N.D. Cal., Nov. 26, 2018, No. C 18-03748 WHA) 2018 U.S. Dist. Lexis 199766 [concluding Drevaleva's appeal of a district court order denying a request for the appointment of counsel was frivolous, and revoking her IFP status]; *Drevaleva v. Alameda Health Sys.* (N.D. Cal., July 24, 2017, Case No. 16-cv-07414-LB) 2017 U.S. Dist. Lexis 115180 [noting that Drevaleva's appeal was without merit and revoking her IFP status]; see Fed. Rules App.Proc., rule 24(a)(4), 28 U.S.C. [requiring district court clerk to immediately notify the court of appeals when the district court has denied a party's motion to proceed on appeal in forma pauperis].)

She has also filed several complaints and requests in federal court that have been determined adversely to her. (*Drevaleva v. Alameda Health Sys.* (9th Cir., Dec. 24, 2019, No. 17-16382) 2019 U.S. App. Lexis 38312, cert. den. May 18, 2020, __ U.S. __ [140 S.Ct. 2780, 206 L.Ed.2d 947] [affirming district court's dismissal of discrimination complaint]; *Drevaleva v. Alameda Health Sys.* (9th Cir. Feb. 28, 2019, No. 17-16382) 2019 U.S. App. Lexis 6208, cert. den. June 24, 2019, __ U.S. __ [139 S.Ct. 2759, 204, L.Ed.2d 1149] [denial of emergency motion to expedite time on appeal]; *Drevaleva v. U.S. Dep't of Veterans Affairs et al.* (9th Cir., Jan. 24, 2019, No. 18-17307) 2019 U.S. App. Lexis 2514, cert. den. June 3, 2019, __U.S.__[139 S.Ct. 2687, 204 L.Ed.2d 1078] [dismissing an appeal of a nonfinal or appealable order]; *Drevaleva v. Wilkie* (N.D. Cal., Nov. 7, 2019, No. C 19-02665 WHA) 2019 U.S. Dist. Lexis 194053 [dismissing with prejudice Drevaleva's complaint against West Los Angeles Veterans Affairs Medical Center alleging discrimination]; *Drevaleva v. United States* (N.D. Cal., Sept. 20, 2019, No. C 19-01454 WHA) 2019 U.S. Dist. Lexis 161366 [dismissing Drevaleva's complaint against Minneapolis Veterans Affairs Medical Center and entering final judgment against her].)

## A. Frivolous Motions and Requests in *Drevaleva VI, supra,* A158282

In *Drevaleva VI, supra*, A158282, she moved for all of the Justices in this Division to recuse themselves from adjudicating her appeal. Rather than citing any authority or evidence warranting recusal, she asserted in a conclusory manner that the Justices were biased, prejudiced, and would rule in favor of AHS and DIR because those agencies' employees and the Justices all worked in the same building with each other. (*Ibid.*) Requests to recuse justices in the absence of any evidence supporting the existence of any relationship, personal or otherwise, between the justices and other litigants are frivolous, and Drevaleva's request is no different.[5] (See *In re Koven* (2005) 134 Cal.App.4th 262, 273.)

In that same appeal, Drevaleva moved to disqualify counsel representing AHS because she alleged it had a conflict of interest under the American Bar Association Model Rules of Professional Conduct[6], rule 1.7. (*Drevaleva VI, supra,* A158282.) But there was no basis for a disqualification motion grounded on conflict of interest because Drevaleva did not have an attorney-client relationship with AHS's counsel. (*Great Lakes Construction, Inc. v. Burman* (2010) 186 Cal.App.4th 1347, 1356 [requiring an attorney-

---

[5] Drevaleva has also unsuccessfully sought to disqualify federal district court judges for bias and prejudice. (See, e.g., *Drevaleva v. Wilkie* (N.D. Cal., Jan. 21, 2020, No. C 19-02665 WHA) 2020 U.S. Dist. Lexis 9884 [acknowledging Drevaleva's "vigorous disagreement with prior rulings," but noting the rulings "hew to the merits, not to any bias," and precluding further referrals to other judges based on alleged bias]; *Drevaleva v. U.S. Dep't of Veterans Affairs* (N.D. Cal., May 9, 2019, No. 18-cv-03748-WHA) 2019 U.S. Dist. Lexis 79022 [denying request to disqualify a district court judge based on claims he " 'has a bias and prejudice towards the Plaintiff and acts in favor of the opposing Party' "].)

[6] All references to the Rules of Professional Conduct are to the American Bar Association Model Rules of Professional Conduct.

client relationship or other confidential relationship with counsel to disqualify an attorney from representation].) She failed to cite any authority for her request, and there is nothing in Drevaleva's additional documents, including her "Objections to Defendants' Filing Named 'Opposition to Appellant's Motion to Disqualify Opposing Counsel,'" addressing AHS's arguments regarding her motion to disqualify counsel.[7] (*Drevaleva VI, supra,* A158282.)

In another request, Drevaleva attempted to conduct unnecessary discovery, imploring this court to "schedule a hearing and to order an **Officer** of [AHS] *itself* to <u>personally come to the hearing</u> and to declare under the penalty of perjury and under the laws of the State of California that this Officer was responsible for every statement that was presented to the Superior Court and the Court of Appeal for the First District, Division Four" during her trial court proceedings and appeals so that she could identify the person who owes her attorney fees. (*Drevaleva VI, supra,* A158282.) She cited nothing to support this court's alleged authority to issue a subpoena against an unknown employee at AHS to determine who must pay attorney fees to which Drevaleva, as a pro se litigant, is not in any event entitled.

After we issued our opinion in *Drevaleva VI*, Drevaleva filed a petition for rehearing, which we ultimately rejected in June 2020. (*Drevaleva VI, supra*, A158282.) The next month she nonetheless filed a patently meritless request that we consider various legal articles about awarding pro se litigants fees under the Federal Rules of Civil Procedure (28 U.S.C.), rule 11, even though there was no motion pending in the court, our decision did not address rule 11, and Drevaleva sought fees under the CPRA and section 128.5. (*Ibid.*)

---

[7] We denied these motions and additional requests.

**B.    Frivolous Motions and Requests in *Drevaleva VII, supra,* A158862**

In *Drevaleva VII, supra,* A158862, Drevaleva continued to make meritless requests, including repeating those that had already been denied.

In her request for oral argument, she again demanded that all the Justices in Division Four recuse themselves from that appeal and from "all [her] future Appeals." In support, she baldly asserted that the Justices are "biased and prejudiced towards [her]" and there was "no doubt that these Justices do anything possible to defend [her] abusers the California Department of Industrial Relations, Alameda Health System, and their Attorneys." Drevaleva went on to state that she had filed a claim under the Government Code against the Justices in Division Four "for ongoing fraud and harassment towards [her] and for ongoing impartial ruling against [her] in favor of the Opposing Parties." We again rejected her recusal demand. (See *First Western Development Corp. v. Superior Court* (1989) 212 Cal.App.3d 860, 867 [litigants may not " 'shop' " for judges by "filing a lawsuit against those judges who enter rulings adverse to the litigant"].)

Drevaleva acted similarly in response to our July 2020 Vexatious Litigant Order to Show Cause. Instead of filing a response that was focused on the issues we had identified, she threatened to pursue efforts to have the Judicial Council permanently disqualify the Justices of this Division and to "indict all of them for a civil conspiracy" with AHS, AHS's counsel, and DIR because our decisions prevented her from being reinstated at AHS. Aside from parroting the statutes for civil conspiracy, Drevaleva cited no facts supporting her conclusory allegations. Indeed, Drevaleva admits, "I don't have any direct evidence of possible conspiracy between the Justices and AHS." These repeated meritless recusal requests alone satisfy the vexatious

11

litigant criteria in section 391, subdivision (b)(3).  (Cf. *Holcomb v. U.S. Bank Nat. Assn.* (2005) 129 Cal.App.4th 1494, 1504 [the vexatious litigant statute addresses " 'the problem created by the persistent and obsessive litigant who has constantly pending a number of groundless actions, often against the judges and other court officers who decide or were concerned in the decision of previous actions adversely to him' "].)

Drevaleva further filed more than five different motions and requests on May 4, 2020 alone.  One was an "emergency" request that this court contact the California Supreme Court and the United States Court of Appeals for the Ninth Circuit to stay that court's dismissal of her appeal, even though she failed to identify any legal support for our supposed authority to stay a federal court order.  Another was a "Motion to Deny the Narayan Travelstead Professional Law Corporation's Right for Self-Representation" based on AHS's counsel's failure to submit a declaration under penalty of perjury that it had personal knowledge of the factual assertions presented in AHS's brief. She also filed another frivolous  "Motion to Disqualify the Opposing Counsel the Narayan Travelstead Professional Law Corporation from Representing Defendant Alameda Health System" because of an alleged conflict of interest under Rules of Professional Conduct, rule 1.7—largely repeating the arguments she made that were rejected in her motion to disqualify counsel in *Drevaleva VI*.  (See *In re Whitaker*, *supra*, 6 Cal.App.4th at p. 56 [repeating arguments that have been made and rejected by the same court is frivolous conduct].)  Such repeated duplicative filings are "tactics that are frivolous or solely intended to cause unnecessary delay."  (See § 391, subd. (b)(3).)

On May 28, 2020, Drevaleva filed various documents, notifying us of a related case *Drevaleva v. Harding*, filed against her former AHS supervisor in Alameda County Superior Court.  She also requested that we, among other

12

things, extend the deadline for serving a trial court summons on the respondent because she did not know his current location. She further requested us to order Equifax-Verification Services, a third-party without any ties to Drevaleva or respondent Harding, to disclose information about the respondent. She did not identify any legal basis for these requests.

A few days later, on June 3, Drevaleva filed a "1) Second Additional Information to My Notice of a Related Case [and] 2) Request for an Order." In this request, she admitted she was simply repeating her request filed on May 28. But she also demanded that we listen to the oral argument recording in an entirely different and completed appeal, *Drevaleva V,* to assess the veracity of statements made by AHS's counsel. She further requested, without citing any legal authority or evidence, that we notify the California Supreme Court and Attorney General of the State of California of potential criminal conduct by AHS counsel for possibly falsifying and lying about a signature by a process server. We denied these requests on June 16, 2020.

Even though we rejected her requests, Drevaleva made them again only one month later in July 2020. This time she submitted an affidavit citing Code of Civil Procedure, section 415.50, which authorizes serving a summons by publication if, among other things, "upon affidavit it appears to the satisfaction of the court *in which the action is pending* that the party to be served cannot with reasonable diligence be served in another manner specified" by statute. (§ 415.50, subd. (a) [italics added].) Drevaleva filed this affidavit in this court despite acknowledging that she also filed her request in the Alameda County Superior Court.

Drevaleva's refusal to adhere to court instructions prohibiting overly voluminous materials is apparent. She filed a request for permission to

13

exceed the page and word count of her opening brief on November 25, 2019. The next day, she filed a nearly identical second request for the same relief but increased her word count request by only 30 words. On May 4, 2020, the same day that she filed five separate motions and requests, she filed decisions in 13 cases from various Courts of Appeal throughout California without offering any explanation of their relevance to her appeal or pending motions.

On August 13, 2020, Drevaleva requested additional time to respond to this Court's Order to Show Cause why she should not be declared a vexatious litigant. We granted her request, stating that she "shall file a single brief" by August 17, 2020. Instead of complying with our directive, Drevaleva filed three briefs, totaling over 200 pages, on August 17 and 18. This response was submitted in addition to her previously-filed "Initial and Partial Response to the July 21, 2020 Order to Show Cause"—a document totaling 54 pages, including exhibits of other federal courts orders dismissing Drevaleva's lawsuits as frivolous.[8]

Despite this voluminous background, Drevaleva contends she should not be declared a vexatious litigant by citing section 391.1. That statute, she claims, provides that only a defendant, not an appellate court, can move to designate a plaintiff a vexatious litigant upon notice and a hearing. Drevaleva's reading of section 391.1 is accurate, but that provision is not applicable here. (§ 391.1 ["a defendant may move the court, upon notice and

---

[8] Three days after the deadline for filing her reply brief (which she filed on August 21, 2020), Drevaleva submitted a "Response to the Order to Show Cause, Part 4," a 122-page document in which she largely reiterated her dissatisfaction with AHS's and DIR's responses to many of her discovery requests in the trial court. We struck this filing as untimely and in violation of our August 14, 2020 order setting deadlines and requiring her to file a "single brief" in response to the Order to Show Cause.

14

hearing, for an order requiring the plaintiff to furnish security" upon a showing "that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he or she will prevail in the litigation against the moving defendant"].) As noted above, section 391.7 expressly states that "the court may, *on its own motion*" enter a prefiling order against a vexatious litigant. (§ 391.7, subd. (a), italics added.) Our Supreme Court has confirmed that a Court of Appeal may, on its own motion, declare a party a vexatious litigant in the first instance on appeal. (*John v. Superior Court* (2016) 63 Cal.4th 91, 99–100.)

The sheer number and volume of irrelevant and frivolous documents that Drevaleva has filed or submitted have resulted in unnecessary burdens on this Court and respondents. (Cf. *In re Marriage of Schnabel* (1994) 30 Cal.App.4th 747, 755 [consequences of frivolous filings include that " '[o]ther appellate parties, many of whom wait years for a resolution of bona fide disputes, are prejudiced by the useless diversion of this court's attention. . . . [T]he appellate system and the taxpayers of this state are damaged by what amounts to a waste of this court's time and resources' "].) Drevaleva thus fulfills the vexatious litigant criteria under section 391, subdivision (b)(3).

## III.   DISPOSITION

Tatyana Drevaleva is hereby declared a vexatious litigant within the meaning of section 391, subdivision (b)(3). Pursuant to section 391.7, henceforth she may not file any new litigation in the courts of the State of California in propria persona without first obtaining leave of the presiding judge or presiding justice of the court where the litigation is proposed to be filed. (§ 391.7, subd. (a).) Disobedience of this order may be punished as a contempt of court. (*Ibid.*) The clerk of this court is directed to provide a copy

15

of this opinion and order to the Judicial Council.  (*Id.*, subd. (f).)  Copies shall also be mailed to the presiding judge and clerk of Alameda County Superior Court.